IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02427-PAB

MCP TRUCKING, LLC, a Colorado limited liability company,

    Plaintiff,

v.

SPEEDY HEAVY HAULING, INC., a Foreign Corporation, d/b/a Hemp Hill Trucking, Inc., d/b/a Hemp Hill Speedy Heavy Hauling Services, d/b/a T Force Energy Services, Inc., d/b/a Transforce, Inc.,

    Defendant.

## ORDER

This matter is before the Court on Defendant's Unopposed Motion for Leave to Conduct Limited Discovery and For An Extension of Time to Respond to the Court's Order to Show Cause [Docket No. 19] filed by defendant TForce Energy Services, Inc.

On July 14, 2014, plaintiff filed this case in the District Court for Weld County, Colorado, asserting negligence claims against defendant. Docket No. 1 at 1, ¶ 1. On August 21, 2014, defendant was served with plaintiff's complaint. *Id.* at 2, ¶ 3. On September 2, 2014, defendant filed its Notice of Removal, invoking 28 U.S.C. § 1332 as the basis for this Court's jurisdiction. *Id.* at 1. Plaintiff's complaint indicates that plaintiff is a limited liability company ("LLC"). Docket No. 4 at 1, ¶ 1. On September 5, 2014, the Court issued an order to show cause, on or before 5:00 p.m. Friday, September 19, 2014, why this case should not be dismissed for lack of subject matter jurisdiction. Docket No. 13 at 5. The order noted that, "an LLC, much like a

partnership, is deemed to be a citizen of all of the states of which its members are citizens." *Id.* at 3 (collecting cases).  Thus, defendant, as the party invoking federal jurisdiction, was required to account for the citizenship of plaintiff's constituent members, but failed to do so.  *Id.* at 4-5.

On September 15, 2014, defendant filed the present motion.  Docket No. 19. Defendant states that plaintiff's counsel has expressed a belief that all of plaintiff's constituent members are citizens of Colorado and that plaintiff's counsel "is attempting to procure a declaration to that effect, but may not be able to do so before Defendant's response to the Order to Show Cause is due." *Id.* at 2, ¶ 3.  Defendant seeks leave to conduct limited jurisdictional discovery on the issue of plaintiff's citizenship and seeks an extension of time until Monday, September 29, 2014 in which to respond to the Court's order to show cause.  *Id.* at 2, ¶¶ 5-6.

Diversity jurisdiction is a threshold issue for the court.  In its absence, a court lacks the constitutional power to adjudicate a case that does not arise under federal law.  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004) ("District and appellate courts have limited subject matter jurisdiction and may only hear cases when empowered to do so by the Constitution and by act of Congress.").  While a district court has the authority to permit discovery in order for a party to prove diversity jurisdiction, such discovery is discretionary.  *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006) (internal citations omitted) (where party invoking federal jurisdiction has "failed to present to the district court any pleading, evidence, or admission that establishes that it is more likely than not that jurisdiction lies," it is "well

within the court's discretion to remand to state court rather than ordering jurisdictional discovery, with the knowledge that later-discovered facts may prompt a second attempt at removal"). It is not the practice of the Court to allow jurisdictional discovery.

Defendant does not claim that denying jurisdictional discovery will prejudice it. Moreover, there is no indication that, should the Court remand this case for lack of subject matter jurisdiction, the parties will be deprived of a forum in which to adjudicate this case. The Court therefore declines to exercise its discretion and will deny defendant's request for leave to conduct jurisdictional discovery. Nonetheless, the Court finds that, based upon the representations contained in defendant's motion, defendant has shown good cause to extend the deadline by which it must respond to the order to show cause. It is therefore

**ORDERED** that Defendant's Unopposed Motion for Leave to Conduct Limited Discovery and For An Extension of Time to Respond to the Court's Order to Show Cause [Docket No. 19] is **GRANTED** in part and **DENIED** in part as indicated in this order. It is further

**ORDERED** that defendant may have until **Monday, September 29, 2014** to file a response to the Court's order to show cause [Docket No. 13].

DATED September 17, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge