IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02427-PAB

MCP TRUCKING, LLC, a Colorado limited liability company,

    Plaintiff,

v.

SPEEDY HEAVY HAULING, INC., a Foreign Corporation, d/b/a Hemp Hill Trucking, Inc., d/b/a Hemp Hill Speedy Heavy Hauling Services, d/b/a T Force Energy Services, Inc., d/b/a Transforce, Inc.,

    Defendant.

---

# ORDER

---

This matter is before the Court on the September 29, 2014 Response to Court's Order to Show Cause [Docket No. 22] filed by defendant TForce Energy Services, Inc. The Court ordered defendant to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Docket No. 13.

Defendant's notice of removal alleges that this Court has subject matter jurisdiction over this case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Docket No. 1 at 3, ¶ 11. With respect to the citizenship of plaintiff MCP Trucking, LLC, defendant alleges, in pertinent part, that: "Plaintiff is a Colorado corporation with its principal place of business in Weld County, Colorado." *Id.* at 3, ¶ 9. However, the complaint indicates that plaintiff is a limited liability company ("LLC"). Docket No. 1-1 at 1, ¶ 1. The Court issued its Order to Show Cause on September 5, 2014, ordering defendant to show cause why this case should not be dismissed for lack of subject

matter jurisdiction due to defendant's failure to adequately allege the citizenship of plaintiff's constituent members. Docket No. 13. On September 15, 2014, defendant requested an extension of time to respond to the order to show cause and leave to conduct limited jurisdictional discovery. Docket No. 19. On September 17, 2014, the Court granted defendant until September 29, 2014 to respond to the order to show cause and the Court declined to exercise its discretion to permit jurisdictional discovery. Docket No. 20 at 3.

Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

As stated in the Order to Show Cause, although the Supreme Court and the Tenth Circuit have not spoken specifically on the issue of citizenship of LLCs, the consensus throughout the circuits is that an LLC, much like a partnership, is deemed to be a citizen of all of the states of which its members are citizens. *See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011); *Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC*, 692

F.3d 42, 49 (2d Cir. 2012); *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011); *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 224 (5th Cir. 2012); *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010); *IP of A West 86th Street 1, LLC v. Morgan Stanley Mortg. Capital Holdings, LLC*, 686 F.3d 361, 363 (7th Cir. 2012); *Buffets, Inc. v. Leischow*, 732 F.3d 889, 897 n.6 (8th Cir. 2013); *Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, --- F.3d ----, 2014 WL 407389, at *2 (9th Cir. Feb. 4, 2014); *Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013).

> In response to the order to show cause, defendant states:
>
> Plaintiff is a Colorado LLC with its principal place of business in Colorado. Plaintiff was formed in 2005 by Mark and Connie Peterman. Mark and Connie Peterman indicated a [Colorado] personal mailing address . . . at the time of organization. Since 2005, plaintiff has filed eight annual or periodic reports with the Colorado Secretary of State. Each report was filed by Mark Peterman and indicates that Mr. Peterman is Plaintiff's registered agent. Each report indicates that Mark Peterman's personal and service address is the same address as Plaintiff's principal office.

Docket No. 22 at 2-3 (citations and footnote omitted). In support of these statements, defendant attaches documents obtained from the Colorado Secretary of State. *See* Docket No. 22-1.

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Defendant admits that it has not met its burden with respect to establishing plaintiff's citizenship and the Court finds no basis for concluding otherwise. Docket No. 22 at 5. The articles of organization from

the Colorado Secretary of State indicate that Mark and Connie Peterman formed plaintiff as an LLC in 2005 and the Petermans listed Colorado mailing addresses on the document.  Docket No. 22-1 at 4-5.  However, defendant does not identify evidence that establishes whether any other persons or entities have subsequently become constituent members of plaintiff.  Moreover, for purposes of diversity jurisdiction, an individual is a citizen of the state in which he or she is domiciled.  *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).  Domicile, in turn, is determined by the combination of physical presence in a location and an intent to remain there indefinitely – it is not necessarily synonymous with an individual's residence.  *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).  Even if the Court were to assume that the Petermans remain plaintiff's only constituent members, the fact that the Petermans list a Colorado mailing address does not establish their citizenship for jurisdictional purposes.

Defendant states that it has communicated with plaintiff's counsel, who believes that plaintiff's only members are citizens of Colorado and that "[b]y all accounts and public records, Plaintiff is a family owned business run by a husband and wife who have lived in Colorado since forming MCP Trucking, LLC."  Docket No. 22 at 3.  However, defendant provides no evidentiary support for such statements and an unsworn statement in a brief is, by itself, insufficient to cure a jurisdictional pleading deficiency.  *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1270 (11th Cir. 2013).  Although defendant points to a lack of evidence suggesting that plaintiff has members or related entities that are residents of any state other than Colorado, a removing defendant may not invoke the Court's jurisdiction by negative inference.  *See Meyn Am., LLC v. Omtron*

*USA LLC*, 856 F. Supp. 2d 728, 733 (M.D.N.C. 2012) (finding defendant LLC's notice of removal deficient where notice stated only that LLC's sole member "is a foreign corporation with a principal place of business in Cyprus; it is not a resident of North Carolina"). Defendants have therefore failed to resolve the uncertainties surrounding the identity and citizenship of plaintiff's constituent members.

Defendant again seeks leave to conduct limited jurisdictional discovery, arguing that if the case is remanded and "discovery later reveals that diversity exists, . . . the matter will then have to be removed a second time." Docket No. 22 at 4. Defendant appears to suggest that remand without permitting such discovery will prejudice it due to "further delay and redundancy." *Id.* As the Court has previously stated, it is not the practice of this Court to permit parties to conduct jurisdictional discovery. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006) (holding that it is "well within the court's discretion to remand to state court rather than ordering jurisdictional discovery, with the knowledge that later-discovered facts may prompt a second attempt at removal"). Moreover, no motions have been filed and no scheduling order has been entered in this case. Defendant fails to explain how any inconvenience it may suffer as a result of remand at this stage of litigation warrants granting leave to conduct jurisdictional discovery.

Removal statutes are construed narrowly and, as such, the uncertainties surrounding the citizenship of plaintiff's constituent members must be resolved in favor of remand. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). It is therefore

**ORDERED** that this case is remanded pursuant to 28 U.S.C. § 1447(c) to the District Court of Weld County, Colorado where it was filed as Civil Case No. 2014 CV 30660.

DATED October 6, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge